**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

UNITED STATES OF AMERICA                                                               PLAINTIFF

vs.                                             No.: 4:19CR00037-005

DESHON CULBREATH                                                                        DEFENDANT

### DEFENDANT DESHON CULBREATH'S MOTION FOR OBJECTIONS TO PRESENTENCE INVESTGATION REPORT

Defendant, DESHON CULBREATH, by and through his attorney, Eric Spencer Buchanan, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case pursuant to 18 U.S.C. § 3552(c) and Federal Rule of Criminal Procedure 32(d), and he has the following objections, permitted by Federal Rule of Criminal Procedure 32(f):

1. The Presentence Investigation Report, paragraph 4, states, in part: "He also failed to attend substance abuse assessment at Family Service Agency on April 14, 2020. The defendant subsequently attended a substance abuse assessment on April 23, 2020, and he was not recommended for treatment." Defendant asserts that where there was no reason given for why Defendant missed the April 14, 2020 assessment and it is plainly stated that he completed the assessment one (1) week later, there is no need to include the language: "He also failed to attend substance abuse assessment at Family Service Agency on April 14, 2020."

2. The Presentence Investigation Report, paragraph 45, states, in part: "the defendant stated that he would like to attend Washington Avenue Barber and Salon School in North Little Rock, Arkansas." This statement is incorrect as the Defendant is currently enrolled at Washington Avenue Barber and Salon School in North Little Rock, Arkansas.

3. The Presentence Investigation Report, paragraph 59, states "Guideline Provisions: The fine range for this offense is $25,000 to $10,000,000. If the defendant is convicted under a statute authorizing (A) a maximum fine greater than $500,000, or (B) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by the statute. USSG §§ 5E1.2(c)(3) and (c)(4)." Defendant asserts that where his Offense Level is 28, his maximum fine is $250,000. USSG §§ 5E1.2(c)(3).

4. The Presentence Investigation Report, paragraph 67, states "The probation officer has no identified any factors that would warrant a departure from the applicable sentencing guideline range." Defendant denies that this statement is accurate.

5. The Presentence Investigation Report, paragraph 67, states "none" with regard to whether any factors exist that may warrant a sentence outside of the advisory guideline system. Defendant denies that this statement is accurate.

WHEREFORE, Defendant prays that the Objection to the Presentence Investigation Report be granted; and that the Presentence Investigation Report be amended as necessary. Defendant further requests all other just and appropriate relief to which Defendant is entitled.

Respectfully submitted,
The Buchanan Firm, P.A.

/s/ Eric Spencer Buchanan
Eric Spencer Buchanan, Esq.
AR Bar No. 94-151
P.O. Box 166643
Little Rock, AR 72216
(501) 376-7540
Eric.Buchanan@TheBuchananFirm.com
Attorney for Defendant, Deshon Culbreath