UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                              PLAINTIFF

vs.                                      No.: 4:19CR00037-005

DESHON CULBREATH                                                                        DEFENDANT

## DEFENDANT DESHON CULBREATH'S OBJECTIONS TO PRESENTENCE INVESTGATION REPORT

Defendant, DESHON CULBREATH, by and through his attorney, Eric Spencer Buchanan, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case pursuant to 18 U.S.C. § 3552(c) and Federal Rule of Criminal Procedure 32(d), and he has the following objections, permitted by Federal Rule of Criminal Procedure 32(f):

1. The Presentence Investigation Report, paragraph 4, states, in part: "He also failed to attend substance abuse assessment at Family Service Agency on April 14, 2020." The defendant subsequently attended a substance abuse assessment on April 23, 2020, and he was not recommended for treatment. After reviewing the draft presentence report, the defendant contends there is no need to include the April 14, 2020, failure to attend treatment allegation since he completed the assessment the following week. Defendant again asserts that where there was no reason given why Defendant missed the April 14, 2020 assessment and it is plainly stated that he completed the assessment one (1) week later, there is no need to include the language: "He also failed to attend substance abuse assessment at Family Service Agency on April 14, 2020." Additionally, where it calls attention to a missed treatment that he subsequently completed, there is no need to include the language: "After reviewing the draft presentence report, the defendant contends there is no need to include the April 14, 2020, failure to attend treatment

allegation since he completed the assessment the following week." Such language serves no purpose other than to further prejudice the Defendant.

2. The Presentence Investigation Report, paragraph 60, states "Guideline Provisions: The fine range for this offense is $25,000 to $10,000,000. If the defendant is convicted under a statute authorizing (A) a maximum fine greater than $500,000, or (B) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by the statute. USSG §§ 5E1.2(c)(3) and (c)(4)." Defendant asserts that where his Offense Level is 28, his maximum fine is $250,000. USSG §§ 5E1.2(c)(3).

3. The Presentence Investigation Report, paragraph 67, states "Aggravated Residential Burglary." Defendant has no knowledge of this offense and denies that this statement is accurate.

4. The Presentence Investigation Report, paragraph 68, states "The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range." Defendant denies that this statement is accurate.

WHEREFORE, Defendant prays that the Objections to the Presentence Investigation Report be granted; and that the Presentence Investigation Report be amended as necessary. Defendant further requests all other just and appropriate relief to which Defendant is entitled.

Respectfully submitted,
The Buchanan Firm, P.A.

Eric Spencer Buchanan, Esq.
AR Bar No. 94-151
P.O. Box 166643
Little Rock, AR 72216
(501) 376-7540

Eric.Buchanan@TheBuchananFirm.com
Attorney for Defendant, Deshon Culbreath